# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-91V
UNPUBLISHED

| | |
|---|---|
| MICHAEL KUHN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2020<br><br>Special Processing Unit (SPU);<br>Decision Awarding Damages; Pain<br>and Suffering; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Isaiah Richard Kalinowski*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

  On January 18, 2018, Michael Kuhn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) caused by an influenza vaccine received on November 27, 2016. ECF No. 1 at ¶¶ 4, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  For the reasons described below, and after holding a brief hearing in this matter, I find that Petitioner is entitled to an award of damages in the amount **$69,129.35**,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**representing compensation of $67,500.00 for his past pain and suffering, plus $1,629.35 for his past unreimbursed expenses.**

### I.   Procedural Overview

On March 4, 2019, Respondent filed a Rule 4(c) report in which he conceded that Petitioner is entitled to compensation in this case. ECF No. 24. On March 6, 2019, a ruling on entitlement was issued by former Chief Special Master Dorsey, finding Petitioner entitled to compensation for SIRVA.[3] ECF No. 25. Thereafter, the parties attempted to informally resolve the issue of damages but reached an impasse on an appropriate award of pain and suffering, and requested that I set a briefing schedule to resolve the issue. ECF No. 44.

Petitioner thus filed a brief on December 18, 2019, requesting that I award him $95,000.00 in compensation representing his past pain and suffering. ECF No. 46. Conversely, in a brief filed on January 31, 2020, Respondent recommended that I award $65,000.00 to Petitioner for his past pain and suffering. ECF No. 49. Petitioner filed a reply brief on February 13, 2020. ECF No. 50. The parties agree an award of $1,629.35 in compensation for Petitioner's past unreimbursed expenses is appropriate, and there are no other damages components in contention beyond past pain and suffering. ECF No. 51.

In March of this year, I informed the parties that I believed this case was appropriate for an expedited hearing and ruling, relying on all evidence filed to date plus whatever oral argument they wanted to make. ECF No. 52. The parties agreed and an expedited hearing took place, telephonically, on May 29, 2020. ECF Nos. 53-54; Minute Entry dated May 29, 2020.[4] I orally ruled on the damages issue at that time, and this Decision memorializes my determination.

### II.   Legal Standard and Prior SIRVA Compensation

In several recent decisions, I have discussed at length the legal standard to be considered in determining an appropriate award of pain and suffering, as well as prior SIRVA compensation in SPU cases. I fully adopt and hereby incorporate my prior discussion in sections V and VI of *Wilt v. Sec'y of Health & Human Servs.,* No. 18-0446V, 2020 WL 1490757 (Fed. Cl. Spec. Mstr. Feb. 24, 2020), and sections VI(A) and VI(B) of *Smallwood v. Sec'y of Health & Human Servs.,* No. 18-0291V, 2020 WL 2954958 (Fed. Cl. Spec. Mstr. Apr. 29, 2020).

In sum, compensation awarded pursuant to the Vaccine Act shall include "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." Section 15(a)(4). The petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y*

---

[3] On October 1, 2019, I assumed the role of Chief Special Master, and this case was reassigned to me.

[4] The transcript of the May 29, 2020 Hearing in this case was not yet filed as of the date of this Decision, but is incorporated by reference herein.

*of Health & Human Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996).  Factors to be considered when determining an award for pain and suffering include: 1) awareness of the injury; 2) severity of the injury; and 3) duration of the suffering.[5]

### III.   Appropriate Compensation for Petitioner's Pain and Suffering

In this case, Petitioner's awareness of the injury is not disputed. Therefore, I analyze principally the severity and duration of Petitioner's injury. In determining appropriate compensation for Petitioner's pain and suffering, I have carefully reviewed and considered the complete record in this case, including, but not limited to: Petitioner's medical records, affidavits, and all assertions made by the parties in written documents and at the expedited hearing held on May 29, 2020.[6] I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases and relied upon my experience adjudicating these cases. However, my determination is ultimately based upon the specific circumstances of this case.

For the reasons discussed below, and pursuant to my oral ruling on May 29, 2020 (which is fully adopted herein), **I find that $67,500.00 represents a fair and appropriate amount of compensation for Petitioner's past pain and suffering.**

First, I note that Petitioner's pain was severe fairly immediately, and prompted him to seek treatment barely a week after the relevant vaccination. Ex. 1 at 14, 17-18. After follow-up with his primary care physician on December 16, 2016, Mr. Kuhn was referred to an orthopedist and for physical therapy ("PT"). Ex. 6 at 12-13. However, although Petitioner was found to have decreased AROM and strength of right shoulder, he was deemed to have "good" rehab potential (Ex. 3 at 80), and ended up completing only five PT sessions through mid-January 2017.

Second, Petitioner's subsequent treatment evidences only a mild to moderate injury.[7] By February 9, 2017, Petitioner's orthopedist found on physical exam that Petitioner had "reasonable active motion of the shoulder," although he was administered a subacromial injection to help reduce potential inflammation.  Ex. 2 at 4-5. Two months later, in April of that same year, he showed improvement (Ex. 4 at 5), and then suspended treatment for six months. And at his next orthopedic follow-up on October 26, 2017, he

---

[5] *I.D. v. Sec'y of Health & Human Servs.*, No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) (citing *McAllister v. Sec'y of Health & Human Servs.,* No 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), *vacated and remanded on other grounds*, 70 F.3d 1240 (Fed. Cir. 1995)).

[6] I note that Respondent's Rule 4 Report, the parties damages briefs, and the oral argument presented by counsel at the May 29, 2020 Hearing provide detailed summaries of the medical records and affidavits filed in this case and are hereby incorporated by reference. ECF Nos. 24, 46, 49-50.

[7] Specifically, Petitioner's MRI impression was "mild infraspinatus and supraspinatus tendinosis. Subacromial subdeltoid bursitis. Intact anterior glenoid repair.  Nonspecific edema in the greater tuberosity subcortical marrow."  Ex. 2 at 4, 20.

displayed "no acute distress," had "full range of motion of his right shoulder and full strength of his rotator cuff," and reported his symptoms were "markedly improved." Ex. 4 at 2. Mr. Kuhn was told he should only seek additional treatment as needed (*Id.*) – and another twenty months elapsed before he did so (Ex. 10 at 5). On June 10, 2019, his strength was 5/5 in the supraspinatus, infraspinatus, and subscapularis muscles. *Id.* He otherwise has neither required nor sought surgical intervention.

In making my determination, I have fully considered Petitioner's affidavit testimony, and that of his father, Jerry Kuhn, all of which details the limitations in his overall enjoyment of life and exercise of daily functions attributable to his injuries. Exs. 5, 8, and 11. But I do not find that his personal recitation of harm outweighs what the medical records suggest or supports a larger award. I further do not find Petitioner's home treatment or exercise required for personal treatment of his condition the equivalent to formal treatment with a physical *therapist*.

In sum, while it is apparent from the records, as well as Petitioner and his father's affidavits, that Petitioner's SIRVA was initially very painful (he sought treatment after only eight days), I find Petitioner's injury and pain and suffering on whole was relatively mild to moderate when compared against more severe cases of SIRVA in the Program. The magnitude and nature of his injury and resulting suffering was more comparable to that experienced by the petitioners in the *Knauss* and *Dagen* than the cases cited by Petitioner (the *Dhanoa* and *Bruegging* cases), and thus an award more in line with the former cases is most appropriate.[8]

## IV. Conclusion

Based on the record as a whole and arguments of the parties, **I award Petitioner a lump sum payment of $69,129.35, representing $67,500.00 for his actual pain and suffering, plus $1,629.35 for his actual expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] *Knauss v. Sec'y of Health & Human Servs.,* No. 16-1372V, 2018 WL 3432906 (Fed. Cl. Spec. Mstr. May 23, 2018) (awarding $60,000.00 for pain and suffering); *Dagen v. Sec'y of Health & Human Servs.*, No. 18-0442V, 2019 WL 7187335 (Fed. Cl. Spec. Mstr. Nov. 6, 2019) (awarding $65,000.00 for actual pain and suffering); *Dhanoa v. Sec'y of Health & Human Servs.*, No. 15-1011V, 2018 WL 1221922 (Fed. Cl. Spec. Mstr. Feb. 1, 2018) (awarding $85,000.00 for actual pain and suffering, and $10,000.00 for projected pain and suffering for one year.); *Bruegging v. Sec'y of Health & Human Servs.,* No. 17-0261V, 2019 WL 2620957 (Fed. Cl. Spec. Mstr. May 13, 2019) (awarding $90,000.00 for actual pain and suffering).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.